# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50713

United States Court of Appeals
Fifth Circuit

**FILED**
June 14, 2019

Lyle W. Cayce
Clerk

JULIA DUENAS,

Plaintiff-Appellant,

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CV-81

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:*

Julia Duenas brought this Title VII suit against the Texas Department of Criminal Justice after she was fired from her job as a prison guard. The district court granted summary judgment against Duenas on her sexual harassment claim because it concluded that she could not establish two elements of that claim: (1) that she was subject to a hostile work environment, or (2) that her employer knew about the alleged harassment by a coworker

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50713

(who was not a supervisor) but failed to take prompt remedial action. We affirm based on the second ground. Having reviewed the briefs and record, and heard oral argument, we conclude that no evidence shows that the employer knew about any alleged harassment until October 30, 2015, when Duenas reported the harassment to supervisors who then encouraged her to file a complaint. Once she did that, Defendant launched an investigation into both Duenas's initial allegations and the more serious claims she made as the investigation unfolded. No alleged harassment occurred after Defendant learned of the allegations and investigated them. Undisputed facts therefore establish that Defendant took prompt remedial action once it learned of the allegations, which precludes Title VII liability. *See, e.g.*, *Williams-Boldware v. Denton Cty.*, 741 F.3d 635, 642 (5th Cir. 2014) (holding that prompt investigation followed by cessation of harassing conduct supported dismissal of hostile work environment claim).

The district court also rejected Duenas's retaliation claim. Undertaking the *McDonnell Douglas* inquiry, the district court concluded that Duenas had failed to show Defendant's proffered nonretaliatory motive was pretextual. Duenas does not challenge that determination about circumstantial evidence, but instead argues that there is direct evidence of retaliation. The statements and other evidence she cites do not, however, constitute direct evidence of a retaliatory motive.

AFFIRMED.

2